# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 28, 2015

Lyle W. Cayce
Clerk

No. 14-11183

ARMETTA R. WALLACE-JOHNSON,

Plaintiff–Appellant,

versus

JOHNSON COUNTY MISSOURI SHERIFF DEPARTMENT;
CITY AND COUNTY OF MUSKOGEE,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CV-754

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Armetta Wallace-Johnson seeks leave to proceed *in forma pauperis* ("IFP") on appeal to challenge the denial of her request to proceed IFP in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11183

district court.  She also moves for the appointment of appellate counsel.

To proceed IFP on appeal, the movant must demonstrate financial eligibility and the existence of a nonfrivolous appellate issue, *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982), but does not need to be absolutely destitute, *Adkins v. E.I. duPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  Rather, the proper inquiry is whether he can afford the costs of litigation without undue hardship or deprivation of life's necessities.  *Id.*  In addition, he must demonstrate that the appeal "involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King,* 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Although Wallace-Johnson established that she would be unable to incur the costs of this appeal without undue hardship or deprivation of life's necessities, she failed to demonstrate a nonfrivolous issue on appeal.  *See Howard,* 707 F.2d at 220.  Accordingly, the request to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous.  *See* 5TH CIR. R. 42.2.  The motion for appointment of appellate counsel is also DENIED.